RICHARD TOLAND, PLAINTIFF-APPELLANT, v. ATLANTIC GAHAGAN JOINT VENTURE DREDGE NO. 1, *ET ALS.*, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division.

Argued February 16, 1970—Decided March 6, 1970.

Before Judges KILKENNY, LABRECQUE and LEONARD.

*Mr. George H. Conover, Jr.* argued the cause for appellant (*Messrs. Levinson, Conover, Lieberman & Fink,* attorneys).

*Mr. Peter A. Piro* argued the cause for respondents (*Messrs. Haskins, Robottom & Hack,* attorneys).

The opinion of the court was delivered by

KILKENNY, P. J. A. D. Plaintiff appeals from a summary judgment entered in favor of defendant on July 28, 1969. The effect of this judgment was to dismiss plaintiff's

suit to recover damages under general maritime law and under the Jones Act, 46 *U. S. C.* § 688. In ordering summary judgment in favor of defendant, the trial court ruled that an award of compensation to an injured seaman-employee under New Jersey's Workmen's Compensation Act precluded his pursuing his rights under general maritime law and under the Jones Act against his shipowner-employer in the New Jersey court. The propriety of that decision is the issue on this appeal.

Plaintiff's three-count complaint in the Superior Court, Law Division, filed on July 14, 1967, alleged that on July 22, 1965, while in the employ of and with the consent of defendants, he was required to and did work in and about a "vessel" known as Dredge No. 1, which was "owned, chartered, repaired, controlled, managed and/or maintained by the defendants." While performing his duties on board this vessel, he was injured solely by reason of the negligence of defendants and their seamen and the unseaworthy condition of the vessel. He alleged that defendants failed to provide him with a safe, secure and proper place where he could perform his duties. He claimed that the vessel was unseaworthy in that, when the Dredge moved, a pile of iron ingots, improperly stacked, fell on plaintiff, then in the hold of the Dredge. The Dredge at the time of the accident was in the navigable waters of Newark Bay, at Port Newark, New Jersey.

The first count sought recovery under the general maritime law. The second count was based upon 46 *U. S. C.* § 688, commonly known as the Jones Act. The third count alleged defendants' failure to furnish plaintiff with board, medical care and attention, medicines, and the expenses of his maintenance and cure in violation of defendants' duty to do so upon plaintiff's becoming injured and ill.

Plaintiff also filed a claim petition in the New Jersey Department of Labor and Industry, Division of Workmen's Compensation. The petition was dismissed on April 6, 1968 by the Judge of Compensation on the ground that

plaintiff was a member of a crew of a vessel on navigable waters of the United States, when he was injured, and for that reason his remedy "lies in the maritime law as supplemented by the Jones Act." In support of that correct statement of the applicable law, the Judge of Compensation cited *Norton v. Warner Co.*, 321 *U. S.* 565, 64 *S. Ct.* 747, 88 *L. Ed.* 931 (1944), and *Hardt v. Cunningham*, 136 *N. J. Law* 137 (Sup. Ct. 1947). The case of *Hansen v. Perth Amboy Dry Dock Co.*, 48 *N. J.* 389 (1967) was ruled out as factually inapposite because there the nature of the employment, a painter working exclusively on land, on new ships in drydock, was distinguishable from that of a person who is injured while working as a member of a crew of a vessel on navigable waters.

On appeal, the Middlesex County Court reversed this dismissal by the Division and remanded the matter to the Division for a hearing to establish the amount of compensation which plaintiff, as petitioner, was entitled to receive. The County Court held that, even though the injury occurred on navigable waters, the State has jurisdiction "if the facts show sufficient connection with the state." It concluded: "This is so even though the employee might also have a Federal remedy." It found a sufficient local connection to allow applicability of New Jersey's Workmen's Compensation Law.

Thereafter, the Division conducted a hearing and made an award of workmen's compensation benefits in favor of plaintiff.

In *Hansen v. Perth Amboy Dry Dock Co., supra,* Justice Proctor, speaking for a unanimous court said:

The most consistent factor appearing in the numerous United States Supreme Court decisions beginning with *Davis* [*Davis v. Dept. of Labor & Industries of Washington*, 317 *U. S.* 249, 63 *S. Ct.* 225, 87 *L. Ed.* 246 (1942)] and pertaining to the compensation of amphibious workers is the desire that an injured claimant should receive the maximum compensation possible and "not lose his remedy in a maze of legalisms." *Gilmore & Black, Admiralty* § 6–50, 353 (1957). (48 *N. J.* at 400).

The court recognized that state jurisdiction was concurrent for injuries occurring on navigable waters "under factual situations where the state can constitutionally provide a compensation remedy." *Ibid.* (Emphasis added.) The factual circumstances in *Hansen* validly provided a State compensation remedy because in that case, as noted above, the injured workman was injured while painting a ship under construction in dry dock, albeit the ship was in navigable waters.

In the instant case, plaintiff was injured while in the hold of this dredge or vessel on navigable waters, in the performance of his duties as a member of the crew. He did not come under the "twilight zone" rule. Nor did he come under the Federal Longshoremen's and Harbor Workers' Compensation Act, 33 *U. S. C. A.* § 901 et seq. His remedy was that of a seaman or member of the crew of a vessel on navigable waters, whose injuries entitle him to sue either under general maritime law or under the Jones Act.

The Jones Act provides for recovery for injury to or death of *any seaman.* It gives a cause of action for negligence of his employer, the owner of the vessel. Suit may be brought in a federal or state court. *Frueh v. Kupper,* 54 *N. J. Super.* 296, 300 (Law Div. 1959); *Bono v. Mellor,* 5 *N. J. Super.* 167, certif. denied 4 *N. J.* 73 (1950). It is not to be confused with § 903 of the Longshoremen's and Harbor Workers' Compensation Act which provides compensation for an injury occurring upon the navigable waters of the United States, *excepting a master or member of a crew of any vessel.* If the injured person is not a member of the crew his remedy against his employer is for compensation, which is payable without regard to fault and is limited by statute. But if the injured person is a *member of the crew,* his remedies as a seaman are far more liberal than the benefits of workmen's compensation since he then brings his cause of action under the Jones Act and maritime law.

See, for example, *Brinegar v. San Ore Construction Co.,* 302 *F. Supp.* 630 (E. D. Ark. 1969), where a jury awarded

plaintiff $1,000,000 for a permanent paralysis below the neck, rendering him a quadraplegic. The court found that as a matter of law he was a "seaman" or "member of a crew of a vessel" and entitled to sue for *negligence* under the Jones Act and *unseaworthiness* under the general maritime law. *Brinegar, supra,* points out the twofold test for determination of whether a person is a "seaman," namely, (1) Was he a member of a crew of a vessel? (2) Was he in the course of his employment?

In *Offshore Co. v. Robinson,* 266 F. 2d 769, 75 A. L. R. 2d 1296 (5 Cir. 1959), the injured plaintiff was assigned to a dredge as an oiler, as in the instant case. The dredge was a drilling platform firmly planted to the floor of the Gulf of Mexico at the time of the injury. Jones Act coverage was upheld. The court pointed out the two tests required therein were satisfied. First, the employee was assigned permanently to "a vessel" (including special purpose structures not usually employed as a means of transport by water but designed to float on water) and he performed a substantial part of his work on the vessel. Those tests were equally satisfied in the instant case. *Robinson* points out that the Jones Act has always been interpreted broadly. 266 F. 2d at 774. "Vessels" include more than conventional vessels, more than a means of transportation. The word also embraces "special purpose structures" such as dredges. *Id.,* at 776.

In summary, employees working aboard dredges on navigable waters are members of a crew of a "vessel" and are entitled to a cause of action under the Jones Act and maritime law. See, too, *Pariser v. City of New York,* 146 F. 2d 431, 433 (2 Cir. 1945); *Gianfala v. Texas Co.,* 350 U. S. 879, 76 S. Ct. 141, 100 L. Ed. 775 (1955); *Senko v. La Crosse Dredging,* 352 U. S. 370, 77 S. Ct. 415, 1 L. Ed. 2d 404 (1957); *Noble Drilling Corp. v. Smith,* 412 F. 2d 952 (5 Cir. 1969).

Does an award of workmen's compensation benefits under the New Jersey Workmen's Compensation Act be-

fore the hearing of the Superior Court suit under the Jones Act and maritime law require dismissal of the court action, as was done here? We conclude that under the facts herein, it does not. The New Jersey Division of Workmen's Compensation never had jurisdiction to make an award of compensation to plaintiff-seaman injured on a vessel on navigable waters. Such jurisdiction could not be conferred by consent or by the failure to appeal from the judgment of the Middlesex County Court. The Division's extra-jurisdictional act may not deprive plaintiff of his federal rights and remedies provided under the exclusive maritime jurisdiction of the federal government. See *Southern Pacific Company v. Jensen,* 244 *U. S.* 205, 37 *S. Ct.* 524, 61 *L. Ed.* 1086 (1916); *United States Constitution,* Article III, Section II, clause 1 and Article I, Section 8, and 28 *U. S. C. A.* § 24 and § 256.

Obviously, plaintiff may not have a double recovery. Any money received or receivable by him by virtue of a workmen's compensation award may be offset against any recovery under the federal law. In *Biggs v. Norfolk Dredging Company,* 360 *F.* 2d 360 (4 Cir. 1966), it was held that an employee injured aboard his employer's vessel in navigable waters may sue his employer for damages under the Jones Act or general maritime law on his allegation that he is a seaman, after deliberately obtaining compensation under Virginia Workmen's Compensation Act or under Longshoremen's and Harbor Workers' Act on an allegation that he was not a seaman. But the employer could recoup amounts already paid by deducting them when satisfying the court's judgment. *Biggs* observed: "The order of asking for relief should not be decisive." 360 *F.* 2d, at 364.

Defendant argues that the majority rule in other jurisdictions is contrary to *Biggs.* Reliance is placed upon *Braadt v. City of New York,* 21 *A. D.* 2d 957, 251 *N. Y. S.* 376 (3 Dept. 1964), aff'd 15 *N. Y.* 2d 875, 258 *N. Y. S.* 2d 413, 206 *N. E.* 2d 394, *cert.* den. 382 *U. S.* 21, 86 S. Ct. 83, 15 *L. Ed.* 2d 14 (1965), and *Lopez-Correa v. Marine Naviga-*

*tion Company,* 289 *F. Supp.* 993 (D. Puerto Rico 1968). We find those cases distinguishable from *Biggs* and the instant case. In *Braadt,* section 113 of the New York Workmen's Compensation Law expressly sanctions awards of workmen's compensation to injured seamen, provided the claimant, employer and insurance carrier specifically agree to a waiver of the admiralty rights. There is no such express provision in the New Jersey Act.

In *Lopez-Correa,* it is clearly stated that "the state of the law of admiralty and its applicability to the territorial waters of the Commonwealth of Puerto Rico is different from that of the States of the Union." (289 *F. Supp.,* at 995). Congress has conferred "full power of control over local navigable waters upon the Government of Puerto Rico to the compete exclusion of the admiralty and maritime law of the United States." *Id.,* at 997. In Puerto Rico the workmen's compensation act is the sole remedy and suit may not be brought against the employer under the Jones Act or for unseaworthiness of a vessel.

 Our courts have recognized that admiralty jurisdiction in tort actions is determined by the *locality* of the act. It extends to acts committed on the high seas and other navigable waters. *Allisot v. Federal Shipbuilding & Drydock Co.,* 4 *N. J.* 445, 449 (1950) ; *Hardt v. Cunningham,* 136 *N. J. Law* 137 (Sup. Ct. 1947). In the instant case, the dredge was on navigable waters at the time of the alleged tortious act and consequential injury. State law may not deprive a litigant of admiralty rights arising out of an accident on navigable waters. *United New York Sandy Hook Pilots Ass'n v. Rodermond Industries, Inc.,* 394 *F.* 2d 65, 70 (3 Cir. 1968). Our courts have held for a long time that a workmen's compensation award will not be allowed for an accident upon a vessel located in navigable waters of the United States. *Pollard v. Camden Terminal Co.,* 6 *N. J. Misc.* 938 (N. J. Work. Comp. 1928) ; *Novak v. Union Petroleum Products Co.,* 16 *N. J. Misc.* 393 (N. J. Work. Comp. 1938) ; *Johnson v. C. F. Harms Co.,* 25 *N. J. Misc.*

457 (Cty. Co. 1947). New Jersey has traditionally refused workmen's compensation benefits under its statute where the claimant's remedy is properly under the maritime law. We may not intrude upon a field of exclusive federal jurisdiction.

The facts and circumstances herein mandate a reversal of the Law Division's dismissal of the suit instituted pursuant to 28 *U. S. C. A.* § 1333 in our State court for the relief provided plaintiff under federal law.

The judgment of dismissal is reversed and the matter is remanded to the Superior Court, Law Division, Middlesex County for further proceedings and trial therein.